Disosway *v.* Winant.

[ORANGE GENERAL TERM, September 9, 1861. *Emott, Brown* and *Scrugham,* Justices.]

———•·•———

## DISOSWAY *vs.* WINANT.

An order was made by commissioners of highways, laying out a highway, from which four individuals appealed, separately, to the county judge, who thereupon appointed three referees to hear and determine the same. The appeals were all heard together, at one and the same time, and the determination of the commissioners affirmed, four separate orders of affirmance being made. *Held* that the referees were not entitled to receive compensation for their services, each, at the rate of $2 per day, for each appeal, but that each referee was only entitled to $2 per day for the time he was employed in hearing and determining the question referred to them in regard to laying out the road, without reference to the number of appeals or appellants.

Whatever may be the number of appeals, there should be but one set of referees, but one proceeding, or hearing and determination, and only one order to signify what that determination is.

Where an order of commissioners of highways, laying out a highway, is affirmed by referees, on appeal to the county judge, the fees of the referees are to be paid by the parties appealing. If there are several appellants, the obligation to pay is joint and several, and may be enforced in an action by the referees, or their assignee, against one, only, as well as in an action against all the appellants.

THE commissioners of highways, of the town of Westfield, made an order laying out a highway, on the application of the plaintiff. From this order the defendant in this action and three other persons separately appealed to the county judge of Richmond county. Three referees were appointed, pursuant to statute, to hear and decide the four appeals. The four appeals were heard and argued together, the testimony given before the referees being taken upon all the ap-

Disosway *v.* Winant.

peals. In the hearing and determination of all these appeals, the referees were occupied sixteen days. For their services on these appeals the referees charged two dollars *per diem* on each appeal, (as if heard separately,) or eight dollars for each day actually employed, making in all $384. This amount was paid by the plaintiff, and after payment the referees made four assignments, one on each appeal, purporting to assign to the plaintiff a demand against each of the appellants for $96, referees' fees; and four actions were brought by the plaintiff, one against each appellant, and each to recover $96.

This action was brought upon one of the claims assigned as above stated, (on the "appeal of Joseph C. Winant.") It was tried in November, 1860, before Mr. Justice LOTT, without a jury. He decided that the plaintiff was entitled to recover the full amount claimed. From the judgment rendered upon his decision the defendant appealed to the general term.

*William Fullerton,* for the plaintiff.

*M. Hale,* for the defendant.

*By the Court,* BROWN, J. On the 31st of October, 1853, the commissioners of highways of the town of Westfield, in the county of Richmond, upon the application of Gabriel Disosway, the plaintiff in this action, made an order in due form, according to the statute, laying out a highway in such town, which was filed and recorded in the clerk's office of the town on the 29th of November of the same year. From this order the defendant, Joseph C. Winant, and three other inhabitants of the town, to wit, James Johnson, jun., Winant Winant and James Johnston, appealed, separately, to the county judge, who thereupon appointed three referees to hear and determine the same. The appeals were all heard together, at one and the same time, and the determination of the

Disosway *v.* Winan

commissioners laying out the highway affirmed. · The decision of the referees, in writing and signed by them respectively, was filed and recorded in the town clerk's office on the 23d of January, 1860. In the performance of this duty they were actually employed, one of them 16 days, another 15 days, and the other 17 days, being in all 48 days. They each claimed to receive compensation for their services at the rate of $2 per day for each appeal, being $8 per day to each referee for the number of days he was employed in hearing and determining the question of laying out the road. They declined to deliver over the order made by them, affirming the action of the commissioners, until their fees were paid. Whereupon the plaintiff in this action, upon whose application the road was laid out, paid their fees for services at the rate of $96 in each separate appeal, and took an assignment of their claim, and thereupon brought this action to recover from the defendant $96, the sum claimed to be due from him for the services rendered in hearing and determining his appeal. The defendant, in his answer, denied the right of the referees to the compensation claimed, and averred that they were each of them entitled to receive $2 per day, and no more, for each day they were employed in hearing and determining the question referred to them in regard to laying out the road, without reference to the number of appeals or appellants. For a further answer he also alleged a want of parties, and averred that James Johnson, jun., Winant Winant and James Johnston, were jointly liable with him to pay whatever compensation was due for the services rendered, and should be made parties defendants with him. The action was tried before Mr. Justice Lott, without a jury, at the Richmond circuit, who rendered judgment against the defendant for the sum claimed, with the interest, being $102.16, with the costs of the action; from which the defendant appealed to the general term.

The 8th section of the act of the 14th December, 1847, to amend the act concerning town officers and town and coun-

Disosway *v.* Winant.

ty expenses, and to prevent abuses in auditing such accounts, substitutes three referees in place of three judges of the court of common pleas, as the tribunal for hearing and determining appeals from orders of commissioners of highways, either in laying out, altering or discontinuing any road, or in refusing to lay out, alter or discontinue any road, and declares that such referees shall possess all the powers and discharge all the duties heretofore possessed and discharged by the three judges under title first, article 4th, chapter 16th of the first part of the revised statutes. These appeals from the judgment of the commissioners may be brought by any person who shall conceive himself aggrieved thereby. The route of roads proposed to be laid out, and of those already laid out and proposed to be altered or discontinued, are seldom confined to the lands of one proprietor. They usually, and in the present state of the country almost universally, extend through and affect the lands of various proprietors. In this aspect — to say nothing of the inhabitants of the town who are to be charged with the expense of making and maintaining the road and entitled to its beneficial enjoyment—there will usually be a number of persons more or less entitled to the right of appeal. In an appeal from an order laying out or refusing to lay out a highway, however numerous may be the number of persons who separately exercise the right of appeal, assuming the regularity of the proceedings, there can be but a single question—a single issue—upon which the referees are to exercise their judgment, and that is, whether they will affirm or reverse the decision of the commissioners of highways, with this qualification, that if they shall reverse an order refusing to lay out or alter a highway, they are to proceed themselves to lay out or alter the road applied for. The framers of the statutes had this unity of action upon several appeals from the same determination of the commissioners in mind at the time they performed their work; for both the old and the new statutes provide that appeals must be brought within sixty days from the time of filing the com-

misioners' order in the town clerk's office. And the act of 1847 also declares that the county judge shall appoint the referees after the sixty days given for the purposes of appeal shall have elapsed. By the 8th section of this latter act they are to hear and determine all the appeals that may have been brought within the sixty days, and before proceeding to hear the appeal or appeals, are to be sworn faithfully to hear and determine the matters referred to them. So by the 89th section of the act in regard to laying out public and private roads, (1 *R. S.* 514,) " the judges to whom the first appeal from any such determination shall be made, shall have exclusive jurisdiction of all appeals from the same determination, to the end that their decision when made may embrace the whole subject. And for this purpose they shall suspend all proceedings upon the appeal first made, and upon all other appeals received by them from such determination, until the time limited for such appeal shall have expired. The appeal is a very simple proceeding, requiring no petition of appeal, no case or bill of exceptions, and no security. But a notice only addressed to the judge, signed by the party appealing, stating briefly the ground upon which it is made, and whether brought to reverse entirely the determination of the commissioners, or only a part thereof, and specifying such part. Both the statutes exhibit a clear purpose, that whatever may be the number of appeals, there shall be but one set of referees or appellate judges, but one proceeding or hearing and determination, and one order to signify what that determination is. In the present case this purpose was observed, to the letter, with the single exception that four separate orders were made, affirming the decision of the commissioners. I am unable to find any authority or reason for four separate orders, or any useful object to be attained thereby. On the contrary, the multiplication of the order of the referees would effect a most mischievous incumbrance of the town records; because, when the appeals were from an order refusing to lay out the road, and the order should be reversed, the referees

Disosway *v.* Winant.

would then proceed to lay out the road, describing it particularly by routes and bounds, and by courses and distances, in their certificate or order, and this order and proceeding must (according to the practice claimed by the plaintiff in this action) be repeated and multiplied, to correspond with the number of persons who may have appealed from the original order. One order referring to the several appeals in the title is obviously sufficient for all the purposes contemplated by the statute.

The legislature, however, has not left its intentions to inference, or to be collected from an examination of the objects and purposes of the act. It has declared, in express words, what shall be the compensation of the commissioners, for what services they are to be compensated, and who shall provide and pay the same. Section 9 of the act of the 14th of December, 1847, declares that, "every referee appointed under the preceding section, shall be entitled to receive two dollars for every day employed in the hearing and decision of such appeal or appeals." This provision is a substitute for section 94 of the act in regard to laying out public and private roads, (1 *R. S. 2d ed.* 515,) which is in these words: "Every such judge shall be entitled to receive two dollars for any day employed in the hearing and decision of such appeal." The framers of the act of 1847, in transcribing the provision of the old act, have added the two words, "or appeals," which are very significant of their intention. These words were added for some purpose, which could be nothing less than to put it out of the power of the referees to do what has been done in the case of the Westfield road—to receive more than two dollars per day for the hearing and determination of all appeals heard by them from the commissioners' order. When the compensation is a per diem allowance, I am unable to see what moment it is to the referees whether there is one appeal or fifty. There is but one order appealed from, and they are to receive two dollars for every day they are employed. The gross sum to which they are entitled, is to be regulated by

the number of days they are employed, and not by the number of appeals they may have heard from the same order. The referees in the case of the Westfield road, in making up the amount of their compensation, first ascertained the number of days they were employed, which was 16 for one of them, 17 for another, and 15 for the third, making 48 days in all. They then multiplied this sum by 4, the number of the appeals from the order, making 192 days, for which they demanded and received compensation. The bare statement of the proposition is its own refutation; for no argument could add to the folly and absurdity of asserting that a man could actually be employed four mortal days within the space of 12 or 24 hours. The illegality and injustice of this mode of computing the referees' compensation is, however, not so flagrant, at first sight, in its application to the case of the Westfield road; because the order of the commissioners was affirmed, and the referees' compensation is distributed and assessed upon the four different appellants, who are each charged with the sum of $96. But change the picture, and suppose the order appealed from an order refusing to lay out a public road, and that in place of four there had been fifty appeals, as there might have been, and that the order had been reversed after sixteen days employed in the hearing. It would then have become the duty of the referees to proceed to lay out the road by metes and bounds, courses and distances, and their expenses would have become a charge upon the town. Would fifty separate orders have been tolerated as necessary to the decision of the appeals, and could the town have been legally subjected to the payment of $1600 to each referee? This is an extreme case, and one not likely to occur, but it tends to show to what the rule contended for by the plaintiff would lead if it could be sanctioned. The relation which the town would maintain to these supposed proceedings is that of respondent, seeking to uphold one order, made by one class of its officers, against appeals taken to its validity by fifty several appellants, which the law re-

Disosway *v.* Winant.

quires shall be heard and determined together, at the same time, and by the same appellate tribunal. The separation of such a proceeding into several parts, for the purpose of enhancing the compensation of the referees, or for any other purpose, is at variance with the spirit as well as the letter of the statutes.

The sum of $96, which the referees in the case of the Westfield road are doubtless entitled to receive, is to be paid to them by the party appealing, because the order was affirmed. This is the direction of the 9th section of the act of 1847. The parties appealing are those who brought the appeals, and at whose instance the litigation is had. The law imposes upon them the duty and obligation of paying the per diem compensation of the referees, when the order appealed from is affirmed. When several persons appeal, the obligation to pay is a joint obligation which the law imposes upon them all. It follows that James Johnston, James Johnson, jun. and Winant Winant, the other appellants, are necessary parties defendants to the action. The plaintiff paid the referees' fees and took an assignment of their claim, whatever it might be, and it is unnecessary, therefore, to say whether they jointly or separately had a right of action to recover their compensation, because the plaintiff is the assignee of each of them.

There should be a new trial, with costs to abide the event.

The other members of the court concurred in these views and conclusions, with this exception. They were of opinion that the obligation to pay the fees of the referees was joint and several, and might be enforced in any action against one as well as in an action against all the appellants, from the commissioners' order. That the plaintiff, being the assignee of each of the referees, and thus uniting in himself their several claims, could maintain this action to recover the $96 due to the three referees, with the interest, and which, when

paid, would be a satisfaction of the entire claim for services rendered by them.

The judgment, for this reason, was ordered to be affirmed.

